## THOMAS & PIERSON v. UNITED STATES

**No. 5412.**—Invoice dated London, England, November 23, 1935.
Certified December 2, 1935.
Entered at New York, N. Y., December 17, 1935.
Entry No. 17108.

(Decided September 4, 1941)

*Barnes, Richardson & Colburn* (*Hadley S. King* of counsel) for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

OLIVER, Presiding Judge: This appeal to reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between the attorneys for the parties hereto, subject to the approval of the court, that the merchandise covered by the instant appeal to reappraisement consists of bottles similar in all material respects to the merchandise the subject of *United States* v. *Guerlain, Inc.*, decided in C. A. D. 146.

It is further stipulated and agreed that the said merchandise was appraised upon the cost of production under Section 402 (f) of the Tariff Act of 1930.

It is further stipulated and agreed that the issue with respect to said merchan-

dise covered by the instant appeal to reappraisement is the same as the issue involved in the case of *United States* v. *Guerlain, Inc., supra.*

It is further stipulated and agreed that the invoice prices plus the cost of cases and packing are equal to the costs of materials, fabrication, manipulation or other processes employed in manufacturing or producing such merchandise, plus the usual general expenses (not less than ten per centum), plus the cost of all containers, coverings and other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States and plus an addition for profit (not less than eight per centum) equal to the profit which ordinarily is added to the cost of merchandise of the same character by manufacturers or producers in the country of manufacture who are engaged in the manufacture of merchandise of the same class or kind.

It is further affirmed by the undersigned, Hadley S. King, an associate of the firm of Barnes, Richardson & Colburn, counsel for the plaintiff, that the reappraisement covered by this stipulation has been examined by him and that said reappraisement has been duly signed and filed in the statutory time. The instant reappraisement is submitted on this stipulation.

On the agreed facts I find the cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that for the bottles such values are the invoice prices, plus cases and packing.

Insofar as the appeal relates to all other merchandise it is hereby dismissed. Judgment will be rendered accordingly.